UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *ALLISON PEAK,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *No. 2:15-cv-67-JHR* |
| | ) | |
| *CAROLYN W. COLVIN, Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

MEMORANDUM  DECISION[1]

In this Social Security Disability ("SSD") appeal, the plaintiff contends that the administrative law judge erroneously rejected the opinions of a treating physician, created a mental residual functional capacity ("RFC") without evidentiary support, wrongly ignored medical evidence, and formulated an RFC that did not sufficiently account for the opinions of her therapist. I vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act for purposes of SSD only through June 30, 2012 (the "date

---

[1] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement.  Oral argument was held before me on September 16, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.  The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 18.

last insured"), Finding 1, Record at 12; that, through the date last insured, she suffered from an affective disorder, temporomandibular joint (TMJ) syndrome, degenerative changes to the cervical spine, and myofascial pain in the neck and shoulders, particularly on the left side, impairments that were severe, but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 13; that, through the date last insured, she had the RFC to perform light work except that she could occasionally reach overhead with her dominant left upper extremity and was limited to performing simple work that did not involve interaction with the public, Finding 5, *id*. at 15; that, through the date last insured, she was unable to perform any past relevant work, Finding 6, *id*. at 19; that, given her age (50 on the date last insured), at least high school education, work experience, and RFC, and using the Medical-Vocational Rules of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making, there were jobs existing in significant numbers in the national economy through the date last insured that the plaintiff could perform, Findings 7-10, *id*.; and that, therefore, the plaintiff was not under a disability, as that term is defined in the Social Security Act, at any time from January 1, 2011, the alleged date of onset of disability, through the date last insured, Finding 11, *id*. at 20. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.        Discussion

### A.  Physical RFC

The plaintiff begins by arguing that, because the state-agency physician reviewers "considered only asthma" and the administrative law judge rejected the opinions of her treating physician and physical therapist, the administrative law judge "was relying on nothing more than his own lay assessment of the significance of the medical evidence."  Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 11) at 4-5.  She cites *Ormon v. Astrue*, 497 Fed. App'x 81 (1st Cir. 2012), for the proposition that an administrative law judge "may not reject uncontradicted medical opinion and substitute his own lay views."  *Id*. at 5.

The defendant responds that, in order to obtain remand on this basis, the plaintiff "must show that she is more limited than the ALJ found."  Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 16) at 4.  She asserts that the plaintiff's failure to "point to any evidence that there was any further limitation on her ability to use her right upper extremity" means that any error by the administrative law judge in this regard is not grounds for remand.  *Id*. at 4-5.  She contends that the only evidence that would support greater limitations,

the opinion of Dr. Cyr, was "properly rejected" by the administrative law judge, leaving the plaintiff without evidentiary grounds for remand. *Id.* at 5.

The administrative law judge said the following about the opinions of Dr. Cyr and the plaintiff's physical therapist:

> [I]n an October 2013 assessment, one of the claimant's treating doctors, Peggy Cyr, M.D., expressed her opinion that the claimant could lift less than 10 pounds, had a limited ability to push and pull, and could perform reaching activities less than 2 ½ hours a day (Exhibit 26F). Early-2013 physical therapy evaluations signed by Kasandra Hamilton, PT, stated that claimant was physically limited in all activities of daily living, in that she had difficulty driving, sleeping, pushing, pulling, lifting, cooking, cleaning, and reaching (Exhibit 21F at 19, 32). The undersigned does not give great weight to any of these opinions, but give some weight to each of them. The opinions of the State agency medical consultants are somewhat supported by the mild and normal findings discussed above, but the claimant's longstanding complaints of neck, shoulder, and upper back pain suggest that her impairments are, in fact, "severe," as that term is defined by the regulations. On the other hand, while the evidence regarding the claimant's pain complaints and need for treatment somewhat support Dr. Cyr's and Ms. Hamilton's opinions that the claimant had some physical limitations, the objective medical findings in the record simply do not establish that the claimant's pain is so restrictive that it prevents her from lifting more than 10 pounds and chronically affects all physical activities. See, for instance, Exhibit 21F/3, where Dr. Cyr found that, from a musculoskeletal standpoint, the claimant had a normal gait, muscle tone and strength within normal limits, no joint swelling, effusions, discoloration or crepitus, and that from a neurologic standpoint, she had a normal mental status, normal reflexes, normal strength and sensation.

Record at 17.

It is a basic tenet of Social Security law that an administrative law judge may not assess RFC based on his or her own interpretation of raw medical evidence, unless it is possible to render a common sense judgment about that evidence. *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990).[2]  However, in this district, a plaintiff is not entitled to remand

---

[2] *Orman* is not helpful to the plaintiff on this point. In that case, the First Circuit held that an administrative law judge could not discount a claimant's credibility merely because his or her pain has been found by medical sources to have a psychological component. 497 Fed.App'x at 86-87, 2012 WL 3871560 at **6 (1st Cir. Sept. 7, 2012).

4

on the basis of an RFC that is more favorable than the evidence would otherwise support. *Bowden v. Colvin*, No. 1:13-cv-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014). In addition, a plaintiff relying on the prohibition must identify the specific raw medical evidence from which she contends that the administrative law judge drew a forbidden conclusion. *Id*. The plaintiff does not do so here; indeed, she argues that, after the rejection of the opinions of Dr. Cyr and Ms. Hamilton, there was no evidence upon which the administrative law judge could base a physical RFC. Itemized Statement at 5. If that is indeed the case, it is the plaintiff's burden to provide such evidence, and thus it appears that she cannot be entitled to remand based on her own argument. If the administrative law judge did not err in rejecting the relevant portions of the Cyr and Hamilton opinions, the physical RFC that he assigned to the plaintiff was more favorable to her than the remaining evidence, if any, would support, rendering harmless any error in formulating the physical RFC. *Wright v. Colvin*, No. 2:14-cv-75-JHR, 2015 WL 58458, at *2-*4 (D. Me. Jan. 5, 2015). The plaintiff does not contend that the administrative law judge erred in rejecting the relevant portions of the Cyr and Hamilton opinions.

On the showing made, the plaintiff is not entitled to remand on the basis of the physical RFC assigned to her.

**B.  Mental RFC**

The plaintiff next complains that the administrative law judge "relied upon facially conflicting opinions and testimony" in formulating the mental portion of her RFC. Itemized Statement at 5-6. This situation, she contends, "made effective review of his mental RFC impossible." *Id*. at 6. As a result, she asserts, "remand is . . . required on that basis also." *Id*. She identifies the conflicting opinions as those of Dr. Morrison, a consulting examiner, and those of Drs. Stahl and Houston, state-agency reviewers. *Id*. She identifies the allegedly conflicting

5

testimony as her own testimony, to which the administrative law judge "lent some credence . . . regarding her anxiety, her inability to handle stress, and her tendency to withdraw from others." *Id*.  The administrative law judge found this testimony to be in "accord with Dr. Morrison's conclusion regarding the claimant's social functioning[.]"  Record at 18.

The defendant responds that the plaintiff has not identified any specific inconsistency between the opinions of Dr. Morrison and those of Drs. Stahl and Houston and thus cannot demonstrate how any error in characterizing the three opinions as consistent was other than harmless.  Opposition at 6-7.  In fact, the administrative law judge found that Dr. Morrison's opinions that the claimant "was capable of functioning independently, following work rules, using appropriate judgment, and relating appropriately to others" was consistent with the Stahl and Houston opinions that the plaintiff was moderately limited in concentration, persistence, and pace, but only mildly limited in social functioning.  Record at 17-18.  The plaintiff apparently believes, Itemized Statement at 6, that the latter findings are inconsistent with Dr. Morrison's statement that the plaintiff's "[a]ttention, sustained concentration and memory appeared to be somewhat impaired."  Record at 593.  No inconsistency is apparent to me.[3]

That the administrative law judge gives "some credence" to the plaintiff's own testimony about the effects of her anxiety, inability to handle stress, and tendency to withdraw does not "facially conflict," Itemized Statement at 6, with the opinions of Drs. Morrison, Stahl, or Houston. It merely explains the administrative law judge's decision to include in the plaintiff's RFC mental limitations that he might not otherwise have included, giving the plaintiff the benefit of the doubt. The basis for this aspect of the RFC is quite clear to this reviewing court.

---

[3] The plaintiff also quotes the three sentences from Dr. Morrison's records that follow the one quoted in the text above. Those sentences all merely report the plaintiff's subjective statements; they are not statements of Dr. Morrison's professional opinion.  Itemized Statement at 6.

The plaintiff takes nothing by this argument.

**C.  Omitted Evidence**

The plaintiff complains that the administrative law judge admitted additional evidence but did not include it in the record and "ignored it in his analysis[.]"  *Id*. at 7.  The commissioner concedes that the evidence was admitted by the administrative law judge and was not included in the administrative record.  Opposition at 8.  This evidence is found on the docket at ECF Nos. 11-1 and 12-1.  The document that is ECF No. 11-1 is included in ECF No. 12-1 at pages 3-7.  The plaintiff asserts that the administrative law judge's failure to discuss this evidence was not harmless because it "directly contradicts the ALJ's findings with respect to the severity and limiting effects of Ms. Peak's mental impairments."  Itemized Statement at 7.

Contrary to the plaintiff's argument, *id.*, the fact that an administrative law judge did not discuss evidence that contradicts his or her findings is not, standing alone, enough to require remand, at least in this district.  *See, e.g., Hatt v. Social Sec. Admin. Comm'r*, No. 2:13-cv-00335-NT, 2014 WL 4411600, at *5 (D. Me. Sept. 5, 2014) ("an administrative law judge is not required to address explicitly every item of evidence in the record.").  In this court, if an administrative law judge's opinion makes clear that he or she would have rejected the opinions of a source other than an acceptable medical source, had those opinions been addressed directly, that is sufficient.  *See, e.g., Robshaw v. Colvin,* No. 1:14-cv-281-JHR, 2015 WL 3951959, at *5 (D. Me.  June 28, 2015); *Gendron v. Colvin*, No. 2:13-cv-00191-JAW, 2014 WL 1513350, at *5 (D. Me. Apr. 16, 2014).

The plaintiff mentions specifically only the "treating source assessment by Ms. Weber-Taft, LCSW," Itemized Statement at 7, 8-10, in presenting this issue, and it is, accordingly, the only document that the court will consider.   The plaintiff relies on Weber-Taft's entries on a Mental Residual Functional Capacity Questionnaire, asserting that Weber-Taft found that her

severe mental impairments "effectively preclude her from completing a normal workday, working at a consistent pace, or dealing with workplace stress." *Id*. at 9.  She also notes Weber-Taft's choice of the category "Seriously limited, but not precluded" for two entries under "Mental Abilities and Aptitudes needed to Do Unskilled Work:" "Understand and remember very short and simple instructions" and "Maintain attention for two hour segment."  ECF No. 12-1 at 5.

The plaintiff goes on to contend that "even moderate difficulties in the areas of concentration, persistence and pace are not adequately accounted for by an RFC limitation to simple, unskilled work as the ALJ found in this case."  Itemized Statement at 10.  She also asserts that "such limitations must be given to the vocational witness and testimony taken" and suggests that any failure to do so requires remand.  *Id*. at 10.

The defendant responds that the administrative law judge properly rejected Weber-Taft's earlier function report, Record at 204-11, and that, because the newly-submitted questionnaire was "consistent with" that report, it is clear that the administrative law judge would have rejected the later report as well.  Opposition at 9.  The administrative law judge gave the earlier report "little weight" because the medical evidence did not fully support the plaintiff's allegations, Weber-Taft appeared to be basing her responses "almost entirely" on the plaintiff's self-reported symptoms, and Weber-Taft was not an acceptable medical source, "and thus her opinion is entitled to less weight than other medical opinions[.]"  Record at 18.[4]

While the Mental Residual Functional Capacity Questionnaire, dated October 22, 2013, ECF No. 12-1 at 7, may perhaps be characterized as "consistent with" the Function Report, dated June 7, 2012, Record at 204, the two documents are quite distinct.  The Questionnaire seeks

---

[4] While only an acceptable medical source may provide evidence of the existence of an impairment, 20 C.F.R. § 404.1513(a) & (d), reliance on the opinions of an "unacceptable" medical source with respect to the severity of that impairment is entirely appropriate.  The severity of the plaintiff's mental impairment is the issue presented here.

information specific to the process of evaluating an individual's mental RFC, while the information sought by the Function Report is much more general. In addition, a majority of Weber-Taft's responses to the questions posed by the Function Report begin with the phrases "Allison reports" or "Allison says," but those introductory phrases are used only four times in Weber-Taft's responses to the five-page Questionnaire. It cannot reasonably be said that Weber-Taft's responses to the Questionnaire are "almost entirely" based upon the plaintiff's subjective reports. Nor are the questions asked by the two forms particularly similar. It is also significant that Weber-Taft had been treating the plaintiff some 16 months longer at the time she filled out the Questionnaire than she had been treating her when she filled out the Function Report.[5]

On the showing made, I cannot conclude that the administrative law judge would have rejected Weber-Taft's later opinions for the same reasons upon which he based his rejection of the Function Report that she filled out 16 months earlier. This case comes much closer to the factual situation present in cases in which courts have found that an administrative law judge impermissibly ignored evidence that was contrary to his or her ruling, *see, e.g., Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (remanding for failure to address conflicting medical opinion),[6] than it is to *Robshaw* and *Gendron*. The error in failing to address Weber-Taft's later, more detailed set of opinions is not harmless, because some of those opinions are inconsistent with the RFC assigned to the plaintiff by the administrative law judge and would, if adopted, change the outcome of her claim.

---

[5] At oral argument, the commissioner's attorney argued that the 16 months that passed between the completion of the Function Report and the date of the Questionnaire were all after the date last insured, making the Questionnaire irrelevant. That is true of all but the first month of that period, *compare* Record at 204 *with* ECF no. 12-1 at 3. However, the mere fact that medical evidence is dated after the date last insured does not necessarily require that it be disregarded. *See, e.g., Bird v. Commissioner of Soc. Sec.,* 699 F.3d 337, 340-41 (4th Cir. 2012); *Contreras v. Colvin,* Civil Action No. 13-cv-03310-KMT, 2015 WL 1509687, at *7 (D. Colo. Mar. 30, 2015; *Lyons v. Colvin*, Civil Action No. 5:13-cv-03554-RBH, at *5 (D.S.C. Mar. 18, 2015).
[6] *See also, e.g., Sheffield v. Colvin*, No. 1:14-cv-652-JMS-MJD, 2015 WL 3449476, at *4 (S.D. Ind. May 28, 2015).

**D.  Other Issue**

This conclusion makes it unnecessary to address an additional argument presented very briefly by the plaintiff: that the hypothetical question presented to the vocational expert by the administrative law judge at the hearing was invalid because it did not include Weber-Taft's limitations.  Itemized Statement at 10-11.  That argument is purely derivative of the contention that the administrative law judge wrongly failed to address those limitations as they were presented in Weber-Taft's responses to the Questionnaire.

**II.      Conclusion**

For the foregoing reasons, the commissioner's decision is **VACATED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Dated this 24th day of November, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge